# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GARRETT MABRY, #74757**                                                                **PETITIONER**

**v.**                                                                      **No. 4:04CV365-P-A**

**JODY BRADLEY, ET AL.**                                                               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the November 30, 2004, *pro se* petition of Garrett Mabry for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved on March 31, 2005, to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner responded to the motion to dismiss April 29, 2005. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

The petitioner was convicted of one count of aggravated assault in the Circuit Court of Humphreys County, Mississippi and sentenced March 8, 1996, to serve twenty years in the custody of the Mississippi Department of Corrections. The court ordered that the sentence "run concurrent with [the petitioner's] Parole Revocation, if any." On June 16, 1998, the Mississippi Court of Appeals affirmed the petitioner's conviction in an unpublished opinion. *Mabry v. State,* ___ So. 2d ___ (Miss. App. 1998) (Cause No. 96-KA-00623). The petitioner's subsequent motion for rehearing was denied August 18, 1998. On June 18, 2001, petitioner filed a "Motion For Extension Of Time To File" a post-conviction petition. That motion was denied July 3, 2001. He then filed an "Out Of Time Petition For A Writ Of Certiorari;" the Mississippi Supreme Court denied the petition March 4, 2002. The petitioner filed a state petition for post-

conviction relief August 30, 2004. The Mississippi Supreme Court, on October 19, 2004, dismissed part of the petition as untimely – and denied the remainder of the petition.

## *Apprendi* and Its Progeny

Before discussing the timeliness of the instant petition, the court shall rule on the petitioner's invocation of recent decisions of the United States Supreme Court. The petitioner argues that the claim in Ground One – a challenge to the habitual portion of his sentence – is governed by § 2241(d)(1)(C) because that ground falls under the purview of two intervening decisions of the United States Supreme Court, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *United States v. Booker*, 125 S.Ct 738, (2005). These cases hold, generally, that facts used to enhance a criminal defendant's sentence must first be presented to a jury. The petitioner argues that proof of his prior convictions was not presented to a jury, and his sentence was thus illegal. Unfortunately for the petitioner, the Supreme Court specifically held in *Apprendi* that*, "Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis supplied); *see also Blakely*, 124 S.Ct. at 2536. Thus, these cases provide no new constitutional right under the facts of the instant case. All claims in the instant petition are thus governed by the "final judgment" language of § 2244(d)(1)(A).

The instant petition for a writ of *habeas corpus* is untimely filed. The petitioner's conviction became final on September 1, 1998, fourteen days after the August 18, 1998, denial of his motion for rehearing. The fourteen days represents the time period in which petitioner could have filed his petition for writ of certiorari to the Mississippi Supreme Court. MISS. R. APP. P.

17. The deadline for filing an application as contemplated by 28 U.S.C. § 2244(d)(2) – to toll the period of limitation – was September 1, 1999 (one year from the date the petitioner's conviction became final). As the petitioner did not file such an application before that deadline, the one-year limitations period was not tolled, and the instant petition was filed late, as computed below. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," a petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant petition was thus filed sometime between the date it was signed on November 19, 2004, and the date it was received and stamped "filed" in the district court on November 30, 2004. Hence, the petition was filed some 1906 days to 1917 days after the September 1, 1999, deadline. The petitioner does not argued any "rare and exceptional" circumstance to warrant equitable tolling;[1] as such, the instant petition shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of July, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] He was not actively misled nor prevented in some extraordinary way from asserting his rights. *Ott v. Johnson,* 192 F.3d at 513-14.